UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALTON PETERSON, )   |   |
| ) | |
| Plaintiff, ) | Case No. 5:06-cv-43 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| RIVERSIDE CORRECTIONAL ) | |
| FACILITY et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated at Bellamy Creek Correctional Facility, but complains of events that occurred at Riverside Correctional Facility (RCF). In his *pro se* complaint, he sues the following RCF employees: Warden Carmen Palmer, Food Service Director Brad Purvis, Administrative Officer Denise Trierweiler, Facility Manager D. Payton, Nurse Beth Wills and Medical Service Provider (MSP) Diana Marble, in their individual and official capacities.

Plaintiff's complaint concerns injuries to his ankle and back that he incurred while working in RCF's kitchen on August 25, 2005. While carrying "a pile of cardboard" to a storage shed, Plaintiff's foot caught in a hole in the shed's floor. As a result, Plaintiff twisted his ankle and injured his back. Prison staff then transported him to the hospital on August 26. On several occasions prior to his accident, Plaintiff had informed Defendants Purvis and Payton of the hole. Defendants Purvis and Payton allegedly failed to take any action to repair the hole or inform Defendant Trierweiler of the hazard. Plaintiff argues that Defendants Palmer, Purvis, Payton and Trierweiler violated his Eighth Amendment rights because of their deliberate indifference to Plaintiff's safety while he was working in the kitchen.

Upon his release from the hospital, Plaintiff's doctor prescribed Motrin as well as a "restricted medication" for his pain. Health care, however, repeatedly refused Plaintiff's requests for his medications or for a follow-up examination. On August 26, MSP Marble examined Plaintiff for a routine chronic care appointment but she did not address his back complaints. Plaintiff then sent a health care kite to Nurse Wills on August 28 requesting a follow-up examination, pain medications, a wheelchair, and "lay in trays" so he could eat his meals in his cell. Nurse Wills declined his requests because she apparently thought that MSP Marble examined Plaintiff and had given him Motrin. At this time, it became increasingly difficult for Plaintiff to walk, shower and work, and he missed several meals. On August 30, Plaintiff nearly passed out in the exercise yard from pain. On August 31, six days after returning from the hospital, health care finally examined Plaintiff and issued his prescriptions. Plaintiff argues that Defendants Wills and Marble were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff also alleges state law claims of gross negligence and intentional infliction of emotional distress and pain and suffering against Defendants.

For relief, Plaintiff requests injunctive relief and monetary damages.

II.   Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to use the form complaint in this action.

Plaintiff's Eighth Amendment claims are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff filed two grievances concerning his Eighth Amendment claims and appealed both of them to Step III.

First, Plaintiff argued in Grievance No. RCF 05-08-1135-003B that "staff," "kitchen staff [and] officers," "food service" and the "inspector's office" were deliberately indifferent to Plaintiff's safety while he was working in the kitchen. Using general terms such as staff, kitchen staff, officers, food service and the inspector's office fails to satisfy the exhaustion requirement because prisoners must specifically mention the involved parties.[2] *See Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver*, 2002 WL 31166925, at *2. Plaintiff did not specifically identify Defendants Palmer, Purvis, Payton and Trierweiler in his Step I grievance. "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Although Plaintiff named Defendants Purvis, Payton and Trierweiler in his Step II and Step III grievances, and Defendant Palmer in his Step III grievance, his failure to allege or show that he named Defendants in his Step I grievance alone precludes a finding of exhaustion. *Burton,* 321 F.3d at 576 n.4 (claims of retaliation, which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted).

Second, Plaintiff claimed that Defendants Wills and Marble were deliberately indifferent to his serious medical needs in Grievance No. RCF 05-08-0142-012F. Although

---

[2]Plaintiff states in Grievance No. RCF-05-08-1135-003B that he submitted a kite to the Assistant Deputy Warden of Housing to determine who was in charge of inspecting RCF but received no response. Ironically, Plaintiff grieved Defendants Purvis, Payton and Trierweiler in his Step II and Step III grievances, and Defendant Palmer in his Step III grievance. Once Plaintiff determined the names of Defendants, he should have filed a new grievance at Step I to comply with the exhaustion requirement.

extremely difficult to read, Plaintiff's Step I grievance used only general terms to describe Defendants, i.e. "health care." Plaintiff, however, named Defendant Wills in both the Step II and Step III grievances. Since he failed to specifically name Defendants Wills and Marble in his Step I grievance, he failed to satisfy the exhaustion requirement. *See Burton,* 321 F.3d at 575. Accordingly, Plaintiff failed to exhaust his administrative remedies.

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Date:    March 23, 2006             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE